UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNESTO ARTURO MILLAN LOPEZ,

                Petitioner,                              Case Number 25-13961

v.                                                                Honorable David M. Lawson

KEVIN RAYCRAFT, Director of Enforcement
and Removal Operations, Detroit Field Office,
U.S. Immigration and Customs Enforcement,
KRISTI NOEM, Secretary, U.S. Department
of Homeland Security, PAMELA BONDI,
U.S. Attorney General, and EXECUTIVE OFFICE
FOR IMMIGRATION REVIEW,

                Respondents.
_____/

## ORDER TRANSFERRING CASE TO THE WESTERN DISTRICT OF MICHIGAN

Petitioner Ernesto Arturo Millan Lopez has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking his release from detention pending deportation. At the time he filed the petition, Lopez was confined at the North Lake Processing Center in Baldwin, Michigan. The Court presumes that he remains so situated today. Baldwin, Michigan is located in Lake County, which is situated within the Western District of Michigan. 28 U.S.C. § 102(b)(1). The parties have filed a stipulation to transfer the case to the United States District Court for the Western District of Michigan. "District courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (quoting 28 U.S.C. § 2241(a)). Although respondent Kevin Raycraft, who is the Director of Enforcement and Removal Operations for the Detroit Field Office for the U.S. Immigration and Customs Enforcement Agency, is the proper respondent to this habeas corpus petition, *Cid-Barrios v. Raycraft*, --- F. Supp. 3d ---, No. 25-13630, 2025 WL 3724377, at *4 (E.D. Mich. Dec. 24, 2025) (citing *Roman v. Ashcroft*, 340 F.3d 314, 322 (6th Cir. 2003)), "for core habeas petitions challenging present

physical confinement, jurisdiction lies in only one district: the district of confinement." *Padilla*, 542 U.S. at 443.  Because Lopez is confined within the territory of Michigan's Western District, he should have filed the petition in that court.  Transfer of the petition is the appropriate procedure to address that misstep.  *Cid-Barrios*, 2025 WL 3724377, at *6 (citing *Roman*, 340 F.3d at 328 (quoting 28 U.S.C. § 1631))).

Accordingly, it is **ORDERED** that the Clerk of the Court shall **TRANSFER** this case to the United States District Court for the Western District of Michigan.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   December 29, 2025